■ PATRICK WILLIAMS, Individually and as Administrator of the Estate of TAWANA WILLIAMS, Deceased, Appellant, v NORTH SHORE LIJ HEALTH SYSTEM et al., Defendants, and MERMAID MEDICAL AND DIAGNOSTICS, P.C., Also Known as MERMAID MEDICAL ASSOCIATION, et al., Respondents. [990 NYS2d 260]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 2, 2012, as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendants Mermaid Medical and Diagnostics, P.C., also known as Mermaid Medical Association, Neurology Associates of Westchester, P.C. Group, Emergency Medicine Physicians of Staten Island, P.C., Verrazano Vascular, Verrazano Vascular Associates, Regan and McGinn, P.C., Sceusa and Lamia, M.D.s, Richmond Internal Medicine Group, Kinwell Medical Services, Island Medical Specialists, New York Surgical Associates, P.C., Glaser Mobarakia Adedeji Tolia, United Medical Surgical, United Surgical Associates, P.C., Victory Internal Medicine, University Physicians Group, Samuel Akuoku, Peter Bennardo, Paul Pezzino, Henry Sasso, Heather McMullen, Donald McCord, Eric Trenkmann, Duccio Baldari, Faqir Ahmed, Shaheda Ali, Barry Hahn, Gene Coppa, Jeffrey Nicastro, Yelena Belyayeva, Katarzyna Harasiuk, Akiva Bergman, Carl Sceusa, Amir Yazdani, Frank Scafuri, Christopher Szeles, Luigi Parisi, Ann Marchesano, Rauvan Averick, Ramy Hanna, Joseph Santiamo, Majed Samarneh, Leo Pritsiolas, Faisal Saiful, Nagubani Satyagnani, James Bruno, Cherrymar-Chan, Christos Dossa, James Lamia, Vahid Ghiasian, Thomas Kilkenny, Seaview Cardiology Services, Nicole Laufer, Healing Quest Physical Therapy, P.C., and Thomas Panetta.

Motion by the respondent Neurology Associates of Westchester, P.C. Group to dismiss the appeal insofar as taken against it on the ground that the appeal has been rendered academic. Separate motion by the respondents Samuel Akuoku, Henry Sasso, Joseph Santiamo, and Thomas Kilkenny for the same relief as to them, and separate motion by the respondents Kinwell Medical Services, Vahid Ghiasian, Frank Scafuri, Christopher Szeles, Luigi Parisi, and Cherrymar-Chan for the

same relief as to them. By decision and order on motion of this Court dated December 11, 2012, the motions were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions and the papers filed in relation thereto, and upon the submission of the appeal, it is

Ordered that the motion of the respondent Neurology Associates of Westchester, P.C. Group, the separate motion of the respondents Samuel Akuoku, Henry Sasso, Joseph Santiamo, and Thomas Kilkenny, and that branch of the separate motion of the respondents Kinwell Medical Services, Frank Scafuri, Christopher Szeles, Luigi Parisi, and Cherrymar-Chan which were to dismiss the appeal insofar as taken against each of them on the ground that the appeal has been rendered academic are granted; and it is further,

Ordered that the branch of the motion of the respondent Vahid Ghiasian which was to dismiss the appeal insofar as taken against him on the ground that the appeal has been rendered academic is denied; and it is further,

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against the respondents Mermaid Medical and Diagnostics, P.C., also known as Mermaid Medical Association, Emergency Medicine Physicians of Staten Island, P.C., Verrazano Vascular, Verrazano Vascular Associates, Regan and McGinn, P.C., Sceusa and Lamia, M.D.s, Richmond Internal Medicine Group, Island Medical Specialists, New York Surgical Associates, P.C., Glaser Mobarakia Adedeji Tolia, United Medical Surgical, United Surgical Associates, P.C., Victory Internal Medicine, University Physicians Group, Peter Bennardo, Paul Pezzino, Heather McMullen, Donald McCord, Eric Trenkmann, Duccio Baldari, Faqir Ahmed, Shaheda Ali, Barry Hahn, Gene Coppa, Jeffrey Nicastro, Yelena Belyayeva, Katarzyna Harasiuk, Akiva Bergman, Carl Sceusa, Amir Yazdani, Ann Marchesano, Rauvan Averick, Ramy Hanna, Majed Samarneh, Leo Pritsiolas, Faisal Saiful, Nagubani Satyagnani, James Bruno, Christos Dossa, James Lamia, Vahid Ghiasian, Seaview Cardiology Services, Nicole Laufer, Healing Quest Physical Therapy, P.C., and Thomas Panetta, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The present action to recover damages for medical malpractice and wrongful death was commenced against more than 112 defendants. At a June 10, 2011, precalendar conference, the plaintiff's counsel was unable to explain to the court why so many defendants were named in the action. The court indicated that the case would be unable to proceed, based upon logistics, while so many extraneous defendants remained in the action. At a subsequent pretrial conference, held on October 27, 2011, the court directed the plaintiff's counsel to file a bill of particulars stating the allegations of negligence as to each specific defendant by December 15, 2011. On December 15, 2011, the court restated its directive, ordering the plaintiff to provide all defendants with a statement of malpractice claimed against each party, including dates of the alleged malpractice, by January 12, 2012. The plaintiff was unable to fully comply with the court's order, and the court subsequently signed an order settled on notice directing the dismissal of the complaint against the respondents. Contrary to the plaintiff's contention, dismissal of the complaint insofar as asserted against the respondents, sua sponte, was proper under the circumstances of this case pursuant to CPLR 3406 (b) and 22 NYCRR 202.56 (b) (1) (iv) and (2) (*see Puleo v Pagano*, 203 AD2d 544 [1994]). Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.